IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM BAGLEY, | ) |
| Plaintiff | ) |
| v. | ) Civil No. 25-1748 |
| THOMAS N. FARRELL, | ) |
| Defendant. | ) |

**Opinion and Order**

Plaintiff commenced this pro se action by filing a motion to proceed *in forma pauperis* and attaching a "Complaint for Violation of Civil Rights," pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated in the Allegheny County Jail and sues his current defense counsel, Thomas N. Farrell. The motion to proceed *in forma pauperis* will be granted and the Clerk will be directed to file the Complaint. Upon review of Plaintiff's Complaint, in accordance with 28 U.S.C. § 1915(e), the Court will, sua sponte, decline to exercise jurisdiction pursuant to the doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971).

**I.      Motion to Proceed in Forma Pauperis**

The Court must determine whether a litigant is indigent within the meaning of 28 U.S.C. § 1915(a). Upon review of Plaintiff's Motion and his affidavit in support, the Court finds the Plaintiff is without sufficient funds to pay the required filing fee. Thus, he will be granted leave to proceed *in forma pauperis*.

**II.     Discussion**

Federal courts are required to review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss any action that is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is

immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A review of the Complaint demonstrates that the Court must abstain from exercising jurisdiction over Mr. Bagley's claims.

### A. Allegations

Mr. Bagley sues Thomas Farrell, who is currently representing Mr. Bagley in a pending state court criminal case being prosecuted in Allegheny County. *Commonwealth v. Bagley*, Allegheny County Court of Common Pleas, Docket CP-02-CR-0009474-2023.[1] He alleges the following claims: Eighth Amendment violation of the right to bail, Fourteenth Amendment violation of the right to due process and a fair trial, Sixth Amendment violation of the right to a speedy trial, and Sixth Amendment violation of the right to self-representation. Compl. ECF No. 1-2, at 3. He alleges that Mr. Farrell is a state actor based upon his conspiring with the prosecutor against Mr. Bagley. Mr. Bagley requests relief in the form of an injunction that would prevent Mr. Farrell from purposefully violating Mr. Bagley's rights. He also requests $100,000 in damages for pain and suffering. Mr. Bagley's supporting allegations are primarily contained in a 36-page attachment, and exhibits. ECF Nos. 1-3, 1-4, & 1-5. The information provided by Mr. Bagley consists of an extensive summary of select events that have occurred in his case, with a primary focus on his relationship with Mr. Farrell and Mr. Farrell's performance relating to Mr. Bagley's efforts to obtain a bail hearing and to represent himself.

### B. *Younger* Doctrine

Mr. Bagley's claims are subject to dismissal pursuant to the *Younger* doctrine. *Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* abstention doctrine expresses "a strong federal policy

---

[1] In evaluating the Complaint, the Court may consider Mr. Bagley's Allegheny County Court of Common Pleas Docket at CP-02-CR-0009474-2023, because such documents are a matter of public record and because they are documents "integral to" Plaintiff's complaint. *Levins v. Healthcare Revenue Recovery Grp. LLC*, 902 F.3d 274, 279 (3d Cir. 2018), *In re Asbestos Prods. Liab.Litig. (No. VI)*, 822 F.3d 125, 133 n. 7 (3d Cir. 2016). A court may also "judicially notice[] a docket sheet—something it may do even if neither party submitted it." *United States v. Payo*, 135 F.4th 99, 107 (3d Cir. 2025).

against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). "'[I]nterests of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests.'" *Addiction Specialists, Inc. v. Township of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005) (quoting *Hawaii Hous. Auth. v. Midkiff*, 467 U.S. 229, 237-38(1984)). "*Younger* abstention applies classically where . . . the federal court is asked to enjoin state criminal prosecutions." *Id.* "'*Younger* abstention is only appropriate where the following three requirements are satisfied: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims.'" *Id.* (quoting *Gwynedd Props., Inc. v. Lower Gwynedd Twp.*, 970 F.2d 1195, 1200 (3d Cir. 1992)).

Here, there is clearly an ongoing state court criminal proceeding that is judicial in nature and that implicates important state interests. A trial in Mr. Bagley's case is presently set for January 20, 2026. *Bagley*, Docket CP-02-CR-0009474-2023, at 2. Pennsylvania state courts are also able to afford Mr. Bagley an adequate opportunity to raise his federal constitutional claims. In addition, Mr. Bagley's request for injunctive relief asks this federal court to inappropriately interfere in an ongoing state criminal proceeding by enjoining his defense counsel from exercising his independent judgment in defending Mr. Bagley. As the Third Circuit has forcefully stated, "[i]n no area of the law is the need for a federal court to stay its hand pending the completion of state proceedings more evident than in the case of pending criminal proceedings." *Evans v. Court of Common Pleas*, 959 F.2d 1227, 1234 (3d Cir. 1992). Finally, there are no extraordinary circumstances present that weigh against abstention. Therefore, the

Court will abstain from exercising jurisdiction under *Younger*, and dismiss the Complaint. Leave to amend will not be granted, as it would be futile to assert amended claims that would inevitably be subject to *Younger* abstention.

### III.　Conclusion

Mr. Bagley is clearly unhappy with his current counsel and is frustrated that his attempts to be released on bail and to represent himself have been unsuccessful. However, because he is a defendant in an ongoing state court criminal prosecution, this Court will abstain from exercising jurisdiction over Mr. Bagley's claims.

Accordingly, the following Order is entered.

### ORDER

And now, this 19th day of December 2025, it is hereby ORDERED that Plaintiff's Motion to Proceed *in forma pauperis*, ECF No. 1, is GRANTED.

The Clerk is directed to file the Complaint, ECF No. 1-2, as the Complaint of record in this action.

Upon review of Plaintiff's Complaint, the Court, *sua sponte*, in accordance with 28 U.S.C. § 1915(e), and *Younger v. Harris*, 401 U.S. 37 (1971), abstains from exercising jurisdiction over Mr. Bagley's claims.

IT IS HEREBY ORDERED that Plaintiff's Complaint is dismissed. Leave to amend is not granted as such would be futile.

The Clerk of Courts is directed to mark this case CLOSED.

　　　　　　　　　　　　　　　　　　　　　s/*Marilyn J. Horan*
　　　　　　　　　　　　　　　　　　　　　Marilyn J. Horan
　　　　　　　　　　　　　　　　　　　　　United States District Court Judge

William Bagley, pro se
105695
ALLEGHENY COUNTY JAIL
950 Second Avenue
Pittsburgh, PA 15219